Sean J. Kirby
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 39th Floor
New York, New York  10112
Telephone:     212.653.8700
Facsimile:     212.653.8701

Gregory F. Hurley (*Pro Hac Vice Pending*)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Telephone:     714.513.5100
Facsimile:     714.513.5130

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PEDRO MARTINEZ, individually and as the representative of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>THE LIFE IS GOOD COMPANY,<br><br>Defendant. | Case No. 1:18-cv-05191-BMC<br><br>**ANSWER TO CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant The Life Is Good Company ("Defendant"), through its undersigned counsel Sheppard, Mullin, Richter & Hampton LLP, in answer to plaintiff Pedro Martinez's ("Plaintiff") Complaint, admits, denies, and alleges as follows:

**INTRODUCTION**

1.      In response to Paragraph 1 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

2.      In response to Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

3.      In response to Paragraph 3 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

4.      In response to Paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

5.      In response to Paragraph 5 of the Complaint, Defendant admits only that it operates a website located at http://www.Lifeisgood.com.   As to the remaining allegations, Defendant denies all of them, and refers the Court to the website for a true and accurate representation of its content.

6.      In response to Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

7.      In response to Paragraph 7 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

8.      In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

9.      In response to Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

10.     In response to Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff patronized Defendant's Website and on that basis, denies the allegation.   As to the remaining allegations Defendant denies all of them.

11.     In response to Paragraph 11 of the Complaint, Defendant denies each and every allegation, except avers that Plaintiff purports to be seeking injunctive relief and damages.

## JURISDICTION AND VENUE

12.     In response to Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

13.     In response to Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

14.     In response to Paragraph 14 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

15.     In response to Paragraph 15 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## PARTIES

16.     In response to Paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

17.     In response to Paragraph 17 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

18.     In response to Paragraph 18 of the Complaint, Defendant denies each and every allegation, except admits that it maintains an office at 51 Melcher Street, 9th Floor, Boston, MA 02210, and it is authorized to do business in New York.

19.     In response to Paragraph 19 of the Complaint, Defendant admits only that it operates a website located at http://www.Lifeisgood.com and that people with access to the internet can access the website.  As to the remaining allegations, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.  Defendant also refers the Court to the website for a true and accurate representation of its content.

## NATURE OF THE CASE

20.     In response to Paragraph 20 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

21.     In response to Paragraph 21 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

22.     In response to Paragraph 22 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

23.     In response to Paragraph 23 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

24.     In response to Paragraph 24 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## FACTUAL ALLEGATIONS

25.     In response to Paragraph 25 of the Complaint, Defendant admits only that it operates a website located at http://www.Lifeisgood.com and that people with access to the internet can access the website.

26.     In response to Paragraph 26 of the Complaint, Defendant admits only that it operates a website located at http://www.Lifeisgood.com and that people with access to the internet can access the website.  As to the remaining allegations, Defendant denies all of them and refers the Court to the website for a true and accurate representation of its content.

27.     In response to Paragraph 27 of the Complaint, Defendant admits only that it operates a website located at http://www.Lifeisgood.com and that people with access to the internet can access the website.  As to the remaining allegations, Defendant denies all of them and refers the Court to the website for a true and accurate representation of its content.

28.     In response to Paragraph 28 of the Complaint, Defendant denies each and every allegation.

29.     In response to Paragraph 29 of the Complaint, Defendant denies each and every allegation.

30.     In response to Paragraph 30 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

31.     In response to Paragraph 31 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

32.     In response to Paragraph 32 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

33.     In response to Paragraph 33 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

34.     In response to Paragraph 34 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

35.     In response to Paragraph 35 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

36.     In response to Paragraph 36 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

37.     In response to Paragraph 37 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

38.     In response to Paragraph 38 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

39.     In response to Paragraph 39 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

40.     In response to Paragraph 40 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff patronized Defendant's Website and on that basis, denies the allegation.  As to the remaining allegations Defendant denies all of them.

41.     In response to Paragraph 41 of the Complaint, Defendant denies each and every allegation.

42.     In response to Paragraph 42 of the Complaint, Defendant denies each and every allegation.

43.     In response to Paragraph 43 of the Complaint, Defendant denies each and every allegation.

44.     In response to Paragraph 44 of the Complaint, Defendant denies each and every allegation.

45.     In response to Paragraph 45 of the Complaint, Defendant denies each and every allegation.

## CLASS ACTION ALLEGATIONS

46.     In response to Paragraph 46 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

47.     In response to Paragraph 47 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

48.     In response to Paragraph 48 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

49.     In response to Paragraph 49 of the Complaint, Defendant denies each and every allegation.

50.     In response to Paragraph 50 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

51.     In response to Paragraph 51 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

52.     In response to Paragraph 52 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

53.     In response to Paragraph 53 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

54.     In response to Paragraph 54 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

55.     In response to Paragraph 55 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

### **FIRST CAUSE OF ACTION**
(Violation of 42 U.S.C. §§ 12181 *et seq.* – Title III of the Americans with Disabilities Act)

56.     In response to Paragraph 56 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in Paragraphs 1 through 55 of this Answer as set forth above.

57.     In response to Paragraph 57 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

58.     In response to Paragraph 58 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

59.     In response to Paragraph 59 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

60.     In response to Paragraph 60 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

61.     In response to Paragraph 61 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

62.     In response to Paragraph 62 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

63.     In response to Paragraph 63 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

64.     In response to Paragraph 64 of the Complaint, Defendant denies each and every allegation.

65.     In response to Paragraph 65 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

66.     In response to Paragraph 66 of the Complaint, Defendant denies each and every allegation.

67.     In response to Paragraph 67 of the Complaint, Defendant denies each and every allegation.

68.     In response to Paragraph 68 of the Complaint, Defendant denies each and every allegation.

69.     In response to Paragraph 69 of the Complaint, Defendant denies each and every allegation.

70.     In response to Paragraph 70 of the Complaint, Defendant denies each and every allegation.

71.     In response to Paragraph 71 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation, except avers that Plaintiff purports to seek a judgment.

## SECOND CAUSE OF ACTION
(Violation of New York State Human Rights Law, N.Y. Exec. Law
Article 15 (Executive Law § 292 *et seq.*))

72.     In response to Paragraph 72 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in Paragraphs 1 through 71 of this Answer as set forth above.

73.     In response to Paragraph 73 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

74.     In response to Paragraph 74 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

75.     In response to Paragraph 75 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

76.     In response to Paragraph 76 of the Complaint, Defendant denies each and every allegation.

77.     In response to Paragraph 77 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

78.     In response to Paragraph 78 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

79.     In response to Paragraph 79 of the Complaint, Defendant denies each and every allegation.

80.     In response to Paragraph 80 of the Complaint, Defendant denies each and every allegation.

81.     In response to Paragraph 81 of the Complaint, Defendant denies each and every allegation.

82.     In response to Paragraph 82 of the Complaint, Defendant denies each and every allegation.

83.     In response to Paragraph 83 of the Complaint, Defendant denies each and every allegation.

84.     In response to Paragraph 84 of the Complaint, Defendant denies each and every allegation.

85.     In response to Paragraph 85 of the Complaint, Defendant denies each and every allegation.

86.     In response to Paragraph 86 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation, except avers that Plaintiff purports to seek a judgment.

**THIRD CAUSE OF ACTION**
(Violation of New York State Civil Rights Law, NY CLS Civ R,
Article 4 (CLS Civ R § 40 *et seq.*))

87.     In response to Paragraph 87 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 86 of this Answer as set forth above.

-10-

88.     In response to Paragraph 88 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

89.     In response to Paragraph 89 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

90.     In response to Paragraph 90 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

91.     In response to Paragraph 91 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

92.     In response to Paragraph 92 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

93.     In response to Paragraph 93 of the Complaint, Defendant denies each and every allegation.

94.     In response to Paragraph 94 of the Complaint, Defendant denies each and every allegation.

95.     In response to Paragraph 95 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

96.     In response to Paragraph 96 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

97.     In response to Paragraph 97 of the Complaint, Defendant denies each and every allegation.

98.     In response to Paragraph 98 of the Complaint, Defendant denies each and every allegation.

99.     In response to Paragraph 99 of the Complaint, Defendant denies each and every allegation.

## FOURTH CAUSE OF ACTION
(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 9-102, *et seq.*)

100.    In response to Paragraph 100 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 99 of this Answer as set forth above.

101.    In response to Paragraph 101 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

102.    In response to Paragraph 102 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

103.    In response to Paragraph 103 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

104.    In response to Paragraph 104 of the Complaint, Defendant denies each and every allegation.

105.    In response to Paragraph 105 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

106.    In response to Paragraph 106 of the Complaint, Defendant denies each and every allegation.

107.    In response to Paragraph 107 of the Complaint, Defendant denies each and every allegation.

108.    In response to Paragraph 108 of the Complaint, Defendant denies each and every allegation.

109.    In response to Paragraph 109 of the Complaint, Defendant denies each and every allegation.

110.    In response to Paragraph 110 of the Complaint, Defendant denies each and every allegation.

111.    In response to Paragraph 111 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation, except avers that Plaintiff purports to seek a judgment.

## FIFTH CAUSE OF ACTION
(Declaratory Relief)

112.    In response to Paragraph 112 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 111 of this Answer as set forth above.

113.    In response to Paragraph 113 of the Complaint, Defendant denies each and every allegation.

114.    In response to Paragraph 114 of the Complaint, Defendant denies each and every allegation.

115.    In response to the Prayer for Relief following Paragraph 114 of the Complaint, Defendant denies each and every allegation contained therein, and denies that Plaintiff is entitled to any relief.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's claims and causes of action.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Lack of Standing)

1.       Plaintiff lacks standing to pursue his alleged claims.  To show standing, "a plaintiff has the burden of proving:  (1) that he or he suffered an 'injury in fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, Plaintiff lacks standing to pursue his alleged claims because, among other reasons, he is not a bona fide patron, he never attempted to access Defendant's website, and/or he does not intend to access Defendant's website in the future.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2.       Plaintiff's claims are barred to the extent they are based on visits to the subject website beyond the applicable Statute of Limitations.

## THIRD AFFIRMATIVE DEFENSE

(Failure to State a Claim)

3.       The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

## FOURTH AFFIRMATIVE DEFENSE

(Effective Access)

4.       The alleged barriers provided effective access to Plaintiff.  Even if the features alleged in the Complaint do not comply with applicable access standards, if any applicable standards exist, Defendant's website nonetheless provided effective access to Plaintiff because any alleged noncompliance as alleged in the Complaint was *de minimis*, the website was usable

and accessible despite its alleged noncompliance, and/or Plaintiff was able to use and access Defendant's website, and/or Plaintiff could have called or visited one of Defendant's physical locations to obtain the information allegedly sought.

### FIFTH AFFIRMATIVE DEFENSE

(Defendant Provided Services Via Alternative Methods)

5.     Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods, but Plaintiff never asked for or sought any assistance.

### SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

6.     Plaintiff's claims are barred under the doctrine of unclean hands since Plaintiff is not a bona fide patron, but a serial plaintiff who filed this lawsuit to try to extort a monetary settlement.

### SEVENTH AFFIRMATIVE DEFENSE

(Technically Infeasible)

7.     Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with applicable standards, if any applicable standards exists, for the alleged barriers identified in the Complaint would be technically infeasible.

### EIGHTH AFFIRMATIVE DEFENSE

(Undue Burden)

8.     Insofar as Defendant has not made changes to its website, which Plaintiff contends should have been made as alleged in the Complaint, those changes were and are not

required under federal, or state law, and any requirements to make those changes would impose an undue burden on Defendant.

## NINTH AFFIRMATIVE DEFENSE

(Reasonable Modifications to Policies, Practices and Procedures)

9.     Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability, but Plaintiff never asked for or sought assistance.

## TENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

10.     Plaintiff failed to properly mitigate his alleged damages and is purposefully accessing or alleging to be deterred from accessing Defendant's website in order to improperly stack his damages and therefore is precluded from recovering those alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE

(Fundamental Alteration)

11.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because fixing the barriers alleged in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

## TWELFTH AFFIRMATIVE DEFENSE

(Removal of Access Barriers Was Not Readily Achievable)

12.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

-16-

## THIRTEENTH AFFIRMATIVE DEFENSE

(Legitimate Business Justifications)

13.     The Complaint, and each and every purported claim alleged therein, are barred because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

14.     Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted.  Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Mootness)

15.     Plaintiff's claims are barred under the doctrine of mootness because Defendant's website complies with all applicable standards, if any exist, and/or, the website is usable and accessible to persons with a vision disability, including Plaintiff, and/or Plaintiff is able to use and access Defendant's website.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

16.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided and/or was willing to provide equivalent facilitation with respect to the barriers alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Forum Non Conveniens)

17.     Plaintiff's claims are barred and/or subject to transfer in whole or in part because they have been filed in an inconvenient forum or forum non conveniens.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Improper Venue)

18.     Plaintiff's claims are barred and/or subject to transfer in whole or in part because they have been filed an improper venue.

## NINETEENTH AFFIRMATIVE DEFENSE

(Ripeness/Lack of Due Process)

19.     Plaintiff's claims are barred under the doctrines of ripeness/lack of due process because the Department of Justice has not yet issued any accessibility standards for websites (as explained further in the attached letters from certain members of Congress, certain members of the Senate, and certain State Attorney Generals).  See Exhibits A, B, and C.

## TWENTIETH AFFIRMATIVE DEFENSE

(Primary Jurisdiction)

20.     Plaintiff's claims are barred under the doctrine of primary jurisdiction.

## TWENTY FIRST AFFIRMATIVE DEFENSE

(Communications Decency Act)

21.     Defendant is immune from liability for the claims in Plaintiff's Complaint pursuant to Section 230 of the Communications Decency Act to the extent that the content on Defendant's website is third party content not under Defendant's control.

## **PRAYER**

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1.      That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2.      That Plaintiff take nothing by way of his Complaint;

3.      That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4.      For such further and other relief as the Court may deem just and proper.

DATED:  October 22, 2018                  Sheppard Mullin Richter & Hampton LLP


By   _s/ Sean J. Kirby_____
        Sean J. Kirby
        30 Rockefeller Plaza
        New York, New York 10112
        Tel:  (212) 653-8700
        Fax:  (212) 653-8701
        skirby@sheppardmullin.com

        Gregory F. Hurley
        650 Town Center Drive, 4th Floor
        Costa Mesa, California  92626-1993
        Tel:  (714) 513-5100
        Fax:  (714) 513-5130
        ghurley@sheppardmullin.com

        *Attorney for Defendant*

-19-

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.


DATED:  October 22, 2018                Sheppard Mullin Richter & Hampton LLP



By   _s/ Sean J. Kirby_____
Sean J. Kirby
30 Rockefeller Plaza
New York, New York 10112
Tel:  (212) 653-8700
Fax:  (212) 653-8701
skirby@sheppardmullin.com

Gregory F. Hurley
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Tel:  (714) 513-5100
Fax:  (714) 513-5130
ghurley@sheppardmullin.com

*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I, Sean J. Kirby, hereby certify that on October 22, 2018, true and correct copies of

Defendant The Life Is Good Company's Answer to Class Action Complaint was served upon all

counsel of record via the Court's Electronic Case Filing system.

*s/ Sean J. Kirby*

Sean J. Kirby
